TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN








NO. 03-97-00768-CR







Hector Becerra Campos, Appellant



v.



The State of Texas, Appellee








FROM THE COUNTY COURT AT LAW NO. 3 OF TRAVIS COUNTY


NO. 465738, HONORABLE DAVID CRAIN, JUDGE PRESIDING







 Appellant, Hector Campos, was convicted of assault in a bench trial. See Tex.
Penal Code Ann. § 22.01 (West 1994). The trial court initially sentenced him to one year in jail
and a $2,000 fine. The court then suspended imposition of the jail time, probated all but $200 of
the fine, and placed appellant under community supervision for the period of one year. Appellant
presents two points of error on appeal. He argues: (1) that the trial court abused its discretion by
admitting testimony under the excited utterance exception to the hearsay rule; and (2) that the
evidence was insufficient to support his conviction. We will affirm the judgment of conviction. 


BACKGROUND

 At 1:11 a.m. on September 13, 1996, Officer Edward Guerra of the Travis County
Sheriff's Department was sent to appellant's residence in response to a reported family disturbance
in progress. He arrived at the residence no later than thirty minutes after receiving the dispatch. 
Upon being admitted into the house by appellant, Officer Guerra witnessed Diana Campos,
appellant's wife, sitting in a chair just inside the door. According to Officer Guerra, she was
completely nude, crying, and had "very visible" injuries on her face. Campos told Officer Guerra
that appellant had assaulted her. Then, in response to Officer Guerra's questions, Campos related
specifically what had occurred that evening. Appellant was subsequently arrested and charged by
information with the offense of Class A misdemeanor assault. 

 Campos was unavailable to testify at trial; Officer Guerra was the only witness
produced by either party. When the State asked Officer Guerra to relate what Campos had told
him on the night of the assault, appellant's attorney objected on the grounds that such statements
were inadmissible hearsay. The State argued that the statements fell under the excited utterance
exception to the hearsay rule, and the court overruled the objection. 

 Officer Guerra testified to what Campos had related to him. Campos and appellant
had been out drinking that night. When Campos and appellant returned home and prepared to
have sexual intercourse, Campos told appellant, in retaliation for his alleged affairs, that she, too,
had engaged in an extramarital affair. Upon hearing this, appellant hit Campos in the face with
his closed fists and threw her on the bed. When Campos attempted to get away from appellant,
he threw her again, causing her to go over the far side of the bed. Campos then called 911.


STANDARD OF REVIEW

 "The admissibility of an out-of-court statement under the exceptions to the general
hearsay exclusion rule is within the trial court's discretion." Lawton v. State, 913 S.W.2d 542,
553 (Tex. Crim. App. 1995), cert. denied, 117 S. Ct. 88 (1996). Therefore, a reviewing court
should not reverse unless a clear abuse of discretion is shown. See Coffin v. State, 885 S.W.2d
140, 149 (Tex. Crim. App. 1994). An abuse of discretion occurs "only when the trial judge's
decision was so clearly wrong as to lie outside that zone within which reasonable persons might
disagree." Cantu v. State, 842 S.W.2d 667, 682 (Tex. Crim. App. 1992), cert. denied, 509 U.S.
926 (1993).


DISCUSSION

 In his first point of error, appellant argues that the trial court abused its discretion
by admitting Officer Guerra's testimony into evidence under the excited utterance exception to the
hearsay rule. This exception provides that a statement relating a startling event or condition made
while the declarant was under the stress or excitement caused by the event or condition is not
excluded by the hearsay rule, even though the declarant is available as a witness. See Tex. R.
Evid. 803(2).

 In support of his first point of error, appellant contends that Campos was not under
the influence of the emotions of the event because too much time had passed between the alleged
assault and her conversation with Officer Guerra. To support this contention, appellant points out
that as many as two hours and forty-five minutes may have elapsed. The record is unclear about
the exact amount of time that had passed from the time the assault occurred until Officer Guerra
arrived and questioned Campos. However, even assuming that almost three hours had passed, we
note that "the time elapsed between the occurrence of the event and the utterance is only one factor
considered in determining the admissibility of the hearsay statement." Lawton, 913 S.W.2d at
553; McFarland v. State, 845 S.W.2d 824, 846 (Tex. Crim. App. 1992), cert. denied, 508 U.S.
963 (1993). 

 Appellant next contends that the statements lack the spontaneity inherent in excited
utterances because they were made in response to questions posed by Officer Guerra. It is true
that aside from Campos's initial statement that appellant had assaulted her, the remainder of her
utterances were prompted by Officer Guerra's questioning. As with the amount of time that had
elapsed, this is a factor that should be taken into consideration when analyzing the nature of
hearsay statements. However, that the declarations were made in response to questioning is only
one factor to be considered and does not alone render them inadmissible. Id. 

 The most important factor in determining whether a statement is an excited
utterance "is whether the declarant was still dominated by the emotions, excitement, fear, or pain
of the event." Id. The evidence presented at trial established that Campos was upset and crying
when she related her story to Officer Guerra. There was some evidence that she was in pain as
well. The evidence reveals that her face had received numerous blows, and her left eye was
swollen almost completely shut. Furthermore, she requested to be seen by medical personnel and
was treated for her injuries when they arrived. Finally, the record reflects that she remained
naked while making the statements to Officer Guerra. (1) Officer Guerra also testified that Campos
appeared to be intoxicated during the interview; however, in light of the other evidence presented,
we think it is within reason to conclude that her continued nakedness resulted at least in part from
the emotion of the recent assault, rather than solely due to her intoxicated state.

 Appellant argues that Campos's intoxication, coupled with the fact that she possibly
had time and a motive (appellant's alleged infidelity) to reflect and fabricate, indicates the
statements' inherent lack of truthfulness. However, after reviewing all of the evidence, we hold
that the trial judge's decision to admit the statements under the excited utterance exception to the
hearsay rule was not so clearly wrong as to lie outside that zone within which reasonable persons
might disagree. We overrule appellant's first point of error.

 The success or failure of appellant's second point of error is directly tied to his first
point, for appellant argues that since the only evidence supporting the conviction is inadmissible
hearsay, the evidence is insufficient to support a conviction. Because we have held that the
evidence presented at trial was admissible, appellant's argument is without merit. We overrule
appellant's second point of error.



CONCLUSION

 Having determined that the trial court did not abuse its discretion in admitting the
out-of-court statements into evidence pursuant to the excited utterance exception to the hearsay
rule, we affirm the judgment of the trial court.



 

 Marilyn Aboussie, Justice

Before Chief Justice Yeakel, Justices Aboussie and Jones

Affirmed

Filed: November 13, 1998

Do Not Publish
1. Although it is not clear from the testimony of Officer Guerra that Campos remained
unclothed during the course of their conversation, this fact was alleged by the State during its
response to appellant's hearsay objection. Since appellant did not challenge this allegation, we
may consider it in light of the other evidence presented at trial.



assault occurred until Officer Guerra
arrived and questioned Campos. However, even assuming that almost three hours had passed, we
note that "the time elapsed between the occurrence of the event and the utterance is only one factor
considered in determining the admissibility of the hearsay statement." Lawton, 913 S.W.2d at
553; McFarland v. State, 845 S.W.2d 824, 846 (Tex. Crim. App. 1992), cert. denied, 508 U.S.
963 (1993). 

 Appellant next contends that the statements lack the spontaneity inherent in excited
utterances because they were made in response to questions posed by Officer Guerra. It is true
that aside from Campos's initial statement that appellant had assaulted her, the remainder of her
utterances were prompted by Officer Guerra's questioning. As with the amount of time that had
elapsed, this is a factor that should be taken into consideration when analyzing the nature of
hearsay statements. However, that the declarations were made in response to questioning is only
one factor to be considered and does not alone render them inadmissible. Id. 

 The most important factor in determining whether a statement is an excited
utterance "is whether the declarant was still dominated by the emotions, excitement, fear, or pain
of the event." Id. The evidence presented at trial established that Campos was upset and crying
when she related her story to Officer Guerra. There was some evidence that she was in pain as
well. The evidence reveals that her face had received numerous blows, and her left eye was
swollen almost completely shut. Furthermore, she requested to be seen by medical personnel and
was treated for her injuries when they arrived. Finally, the record reflects that she remained
naked while making the statements to Officer Guerra. (1) Officer Guerra also testified that Campos
appeared to be intoxicated during the interview; however, in light of the other evidence presented,
we think it is within reason to conclude that her continued nakedness resulted at least in part from
the emotion of the recent assault, rather than solely due to her intoxicated state.

 Appellant argues that Campos's intoxication, coupled with the fact that she possibly
had time and a motive (appellant's alleged infidelity) to reflect and fabricate, indicates the
statements' inherent lack of truthfulness. However, after reviewing all of the evidence, we hold
that the trial judge's decision to admit the statements under the excited utterance exception to the
hearsay rule was not so clearly wrong as to lie outside that zone within which reasonable persons
might disagree. We overrule appellant's first point of error.

 The success or failure of appellant's second point